IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD DUDAS**,                                           Case No. 4:12 CV 2109

    Petitioner,                                     Judge Sara Lioi

    v.                                              REPORT AND RECOMMENDATION

**WARDEN BENNIE KELLY**,

    Respondent.                                     Magistrate Judge James R. Knepp II

## INTRODUCTION

On August 16, 2012, Petitioner filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). The Court ordered Respondent to file a Return of Writ (Doc. 4), and on December 10, 2012, Respondent filed a Motion to Dismiss Case or Transfer to the Sixth Circuit Court of Appeals as a Successive Application (Doc. 5). On February 7, 2013, Petitioner filed a Response to Respondent's Motion. (Doc. 9). The district court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). The matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated August 27, 2012). For the reasons explained below, the undersigned recommends granting the Motion to Transfer to the Sixth Circuit.

## ANALYSIS

Respondent argues the Petition should be transferred to the Sixth Circuit because he contends it is a successive petition under 28 U.S.C. § 2244(b)(3)(A). (Doc. 5, at 11–12). Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." And, "[t]he court of appeals may authorize

the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* at § 2244(b)(3)(C). According to Respondent, the instant Petition is a successive Petition because Petitioner seeks to challenge his 2006 convictions and already challenged those convictions in a prior petition, which the district court dismissed after finding his ground for relief was procedurally defaulted and without merit. (Doc. 5, at 12).

Though Petitioner contends "a significant question exists as to whether" the instant Petition is in fact a second or successive petition, Petitioner nonetheless agrees "it is in the best interest of both parties and will best serve judicial economy if this matter is now transferred to the Sixth Circuit." (Doc. 9, at 1). Thus, counsel for both parties now agree all parties will be best served by immediately transferring the matter to the Sixth Circuit. (Doc. 9, at 2).

## CONCLUSION AND RECOMMENDATION

Because both parties agree the matter should be transferred, the undersigned recommends granting Respondent's Motion to Transfer to the Sixth Circuit Court of Appeals.

s/James R. Knepp, II<br>
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).